EXHIBIT "A"

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into among the United States of America, acting through the United States Attorney's Office for the Eastern District of Virginia and on behalf of the Small Business Administration ("SBA") (collectively the "United States" or "Government"), Engineered Structures, Inc., and Karen Bloomfield (hereafter collectively referred to as "the Parties"), through their authorized representatives.

## RECITALS

A.  Engineered Structures, Inc. ("ESI") is an Idaho corporation specializing in construction services through 43 states. ESI's corporate headquarters are located in Meridian, Idaho.

B.  On July 14, 2022, Karen Bloomfield (hereinafter "Relator") filed a *qui tam* action in the United States District Court for the Eastern District of Virginia captioned *United States ex rel. Bloomfield v. Engineered Structures, Inc.*, No. 1:22-cv-789-DJN-IDD, pursuant to the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3730(b) (the "Civil Action"). The United States declined to intervene in the Civil Action on December 12, 2023.

C.  The Relator contends that she has certain civil claims against ESI for the conduct alleged in the Civil Action pertaining to the Paycheck Protection Loan (Loan No. 4034667109) obtained by ESI. Relator further contends that ESI should have included temporary workers from staffing agencies into its employee headcount and that inclusion of these temp workers would have increased ESI's average employee count above 500 employees, which would have made ESI ineligible for the Loan. Relator also contends

that ESI made false representations to the United States in connection with the Loan Necessity Questionnaire that ESI submitted on March 4, 2021.

D.    The conduct described in Paragraph C is referred to below as the "Covered Conduct."

E. This Settlement Agreement is neither an admission of liability by ESI nor a concession by the Relator that her claims are not well founded.

F.    Relator claims entitlement under 31 U.S.C. § 3730(d) to a share of the proceeds of this Settlement Agreement and to Relator's reasonable expenses, attorneys' fees and costs.

To avoid the delay, uncertainty, inconvenience, and expense of protracted litigation of the above claims, and in consideration of the mutual promises and obligations of this Settlement Agreement, the Parties agree and covenant as follows:

## TERMS AND CONDITIONS

1.    ESI (sometimes hereinafter "Defendant") shall pay to the United States $5,750,000 (Settlement Amount), of which all is restitution, by electronic funds transfer pursuant to written instructions to be provided by the United States Attorney's Office for the Eastern District of Virginia by no later than 30 days after the Effective Date of this Agreement.

2.    Conditioned upon the United States receiving the Settlement Amount and as soon as feasible after receipt, the United States shall pay $1,696,250 to Relator by electronic funds transfer ("Relator's Share").

3.    Relator's claim for reasonable expenses, attorneys' fees, and costs under 31 U.S.C. § 3730(d) shall be resolved separately.

2

4.     Subject to the exceptions in Paragraph 6 (concerning reserved claims) below, and upon the United States' receipt of the Settlement Amount, the United States releases ESI, together with its current and former parent corporations; direct and indirect subsidiaries; brother or sister corporations; divisions; current or former corporate owners; and the corporate successors and assigns of any of them, from any civil or administrative monetary claim the United States has for the Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729-3733, and the Program Fraud Civil Remedies Act, 31 U.S.C. §§ 3801-3812.

5.     Subject to the exceptions in Paragraph 6 below, and upon the United States' receipt of the Settlement Amount and Relator's receipt of payment of her reasonable expenses, attorneys' fees, and costs under 31 U.S.C. § 3730(d) that are subject to a separate agreement, Relator, for herself and for her heirs, successors, attorneys, agents, and assigns, releases ESI from: (a) all claims Relator has asserted, could have asserted or may assert in the future in or related to the Civil Action; (b) all claims Relator has asserted, could have asserted or may assert in the future related to Relator's employment by ESI; and (c) any monetary claim the Relator has on behalf of the United States for the Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729-3733.

6.     Notwithstanding the releases given in Paragraph 4 of this Agreement, or any other term of this Agreement, the following claims and rights of the United States are specifically reserved and are not released:

      a.     Any liability arising under Title 26, U.S. Code (Internal Revenue Code);

3

    b.    Any criminal liability;

    c.    Except as explicitly stated in the Agreement, any administrative liability or enforcement right, or any administrative remedy, including the suspension and debarment rights of any federal agency;

    d.    Any liability to the United States (or its agencies) for any conduct other than the Covered Conduct;

    e.    Any liability based upon obligations created by this Agreement; and

    f.    Any liability of individuals.

7.    Relator and her heirs, successors, attorneys, agents, and assigns shall not object to this Agreement but agree and confirm that this Agreement is fair, adequate, and reasonable under all the circumstances, pursuant to 31 U.S.C. § 3730(c)(2)(B). Conditioned upon Relator's receipt of the Relator's Share, Relator and her heirs, successors, attorneys, agents, and assigns fully and finally release, waive, and forever discharge the United States, its agencies, officers, agents, employees, and servants, from any claims arising from the filing of the Civil Action or under 31 U.S.C. § 3730, and from any claims to a share of the proceeds of this Agreement and/or the Civil Action.

8.    Relator, for herself, and for her heirs, successors, attorneys, agents, and assigns, releases ESI, and its officers, agents, and employees, from any liability to Relator arising from the filing of the Civil Action, or under 31 U.S.C. § 3730(d) for expenses or attorneys' fees and costs upon receipt of her reasonable attorneys' fees and expenses as agreed upon in a separate agreement.

9. ESI waives and shall not assert any defenses ESI may have to any criminal prosecution or administrative action relating to the Covered Conduct that may be based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment of the Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the Constitution, this Agreement bars a remedy sought in such criminal prosecution or administrative action.

10. ESI fully and finally releases the United States, its agencies, officers, agents, employees, and servants, from any claims (including attorneys' fees, costs, and expenses of every kind and however denominated) that ESI has asserted, could have asserted, or may assert in the future against the United States, its agencies, officers, agents, employees, and servants, related to the Covered Conduct or the United States' investigation or prosecution thereof. ESI also releases Relator, her agents, attorneys, successors and assigns from any claims (including attorneys' fees, costs, and expenses of every kind and however denominated) that ESI has asserted, could have asserted, or may assert in the future against the Relator, her agents, attorneys, successors or assigns related to the Covered Conduct, the Civil Action and/or Relator's employment with ESI.

11. This Agreement is intended to be for the benefit of the Parties only.

12. Upon execution of this Agreement, the Parties shall promptly sign and file in the Civil Action a Joint Stipulation of Dismissal, with prejudice, of the Civil Action pursuant to Rule 41(a)(1). The Court shall retain jurisdiction over the parties to the extent necessary to enforce the terms and conditions of the Agreement. The Joint Stipulation of

Dismissal shall specifically reserve such jurisdiction pursuant to *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994).

13. Except as provided in Paragraph 3, above, each Party shall bear its own legal and other costs incurred in connection with this matter, including the preparation and performance of this Agreement.

14. Each Party and signatory to this Agreement represents that it freely and voluntarily enters into this Agreement without any degree of duress or compulsion.

15. This Agreement is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this Agreement is the United States District Court for the Eastern District of Virginia. For purposes of construing this Agreement, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

16. This Agreement constitutes the complete agreement between the Parties. This Agreement may not be amended except by written consent of the Parties.

17. The undersigned counsel represent and warrant that they are fully authorized to execute this Agreement on behalf of the persons and entities indicated below.

18. This Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Agreement.

19. This Agreement is binding on ESI's successors, transferees, heirs, and assigns.

20. This Agreement is binding on Relator's successors, transferees, heirs, and assigns.

21. All parties consent to the United States' disclosure of this Agreement, and information about this Agreement, to the public.

22. This Agreement is effective on the date of signature of the last signatory to the Agreement (Effective Date of this Agreement). Facsimiles of signatures and electronic signatures shall constitute acceptable, binding signatures for purposes of this Agreement.

THE UNITED STATES OF AMERICA

DATED: 11/6/2025   BY: _____
Gerard Mene
Assistant United States Attorney
Eastern District of Virginia

ENGINEERED STRUCTURES, INC. - DEFENDANT

DATED: _____ BY: _____
President and Chief Executive Officer
Engineered Structures, Inc.

DATED: 11/5/25 BY: _____
Jason M. Crawford
Counsel for Engineered Structures, Inc.

KAREN BLOOMFIELD - RELATOR

DATED: 11/5/2025 BY: *Karen Bloomfield*
Karen Bloomfield

7

23. This Agreement is binding on Relator's successors, transferees, heirs, and assigns.

24. All parties consent to the United States' disclosure of this Agreement, and information about this Agreement, to the public.

25. This Agreement is effective on the date of signature of the last signatory to the Agreement (Effective Date of this Agreement). Facsimiles of signatures and electronic signatures shall constitute acceptable, binding signatures for purposes of this Agreement.

THE UNITED STATES OF AMERICA

DATED: _____ BY: _____
Gerard Mene
Assistant United States Attorney
Eastern District of Virginia

ENGINEERED STRUCTURES, INC. - DEFENDANT

DATED: 11/6/25 BY: _____

President and Chief Executive Officer
Engineered Structures, Inc.

DATED: 11/5/25 BY: _____
Jason M. Crawford
Counsel for Engineered Structures, Inc.

KAREN BLOOMFIELD - RELATOR

DATED: _____ BY: _____
Karen Bloomfield

7

DATED: 11/5/2025 BY: *James E. Miller*

James E. Miller
Counsel for Karen Bloomfield

8