EXHIBIT "C"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES *ex rel.* KAREN BLOOMFIELD, <br><br> *Plaintiff-Relator*, <br><br> v. <br><br> ENGINEERED STRUCTURES, INC., <br><br> *Defendant*. | Civil Action No. 1:22-cv-00789-DJN-IDD <br><br><br> November 7, 2025 |

### DECLARATION OF BRUCE D. PARKE

I, Bruce D. Parke, hereby declare under penalty of perjury under the laws of the United States as follows:

1. I am a Partner with Miller Shah LLP ("Miller Shah") which, along with Rachel V. Rose, Patricia Ryan and Glenn Chappell of Tycko & Zavareei LLP, have acted as Relator's counsel in the above-captioned action ("Action"). I am admitted to practice law in the Commonwealth of Pennsylvania and admitted *pro hac vice* in this action. I am one of the attorneys who has worked on the Action since our firm's initial engagement and I have personal knowledge of the facts set forth herein.

2. Miller Shah is a leader in the field of whistleblower litigation and its attorneys have decades of combined experience litigating these actions. The following is a representative sample of some of the FCA cases in which our firm has served as lead counsel in the past five years:

   - *U.S. ex rel Bilotta v. Novartis Pharmaceuticals Corp.*, No. 1:11-cv-0071-PCG (S.D.N.Y.)(FCA case regarding cardiovascular drugs that settled for $678 million)

   - *U.S. ex rel Arnstein v. Teva Pharmaceuticals*, No. 1:13-cv-03702, (S.D.N.Y.)(FCA case regarding multiple sclerosis and Parkinson disease drugs that settled for $68 million)

   - *U.S. ex rel Ginger v. Ensign Group, Inc.*, 8:15-cv-00389-JWH-DFM (C.D.Cal.)(FCA case

1

involving medical directors at nursing homes that settled for over $47 million)

In addition, James E. Miller who leads the Firm's whistleblower practice is a recognized leader in the field and was named Whistleblower Lawyer of the Year in 2020 by the Anti-Fraud Coalition f/k/a Taxpayers Against Fraud for his work in False Claims Act cases. In recognition of his accomplishments in the field, Mr. Miller has been asked to begin teaching a course on Whistleblower Law at Cornell University in the Spring of 2026. Most recently, our firm acted as co-lead counsel in *United States ex rel. Behnke v. CVS Health Corp., et al.*, Civil Action No. 2:14-cv-00824 (E.D.Pa.), which resulted in a judgment in favor of the United States after a full trial in the amount of $289,873,500, which judgment was entered in August of 2025.

3. For the reasons explained in the accompanying Memorandum of Law, Relator's counsel believe that the proposed settlement ("Settlement") is fair and reasonable. The Settlement was the product of vigorous negotiations that occurred at arm's-length by the parties with the assistance of the Honorable Gerald B. Lee (ret.), and the parties had sufficient information to evaluate the value of the claims. Importantly, the United States of America was represented in these negotiations, participated throughout the negotiations, and has consented to the Settlement.

4. As also reflected in Relator's Memorandum of Law, the Settlement compares quite favorably to the results achieved in similar cases, thereby providing another sound basis for approval.

5. In sum, the Court should grant approval of the Settlement as it is fair, reasonable, and adequate.

6. The Side Agreement provides for payment of ▓▓▓▓▓ in attorneys' fees and expenses which is fair and reasonable under the circumstances.

7. Relator's counsel's request for attorneys' fees is also reasonable in view of the total lodestar expended on this matter, considering the risk, complexity, and uncertainty of outcome.

Attached as Appendix 1 to this Declaration is a summary of Relator's counsel's total lodestar on this matter. As reflected in Appendix 1, Relator counsel has spent a total of 4,359 hours litigating this matter and their lodestar is $ $2,951,545.00.[1] Accordingly, the requested fees amount to less than Relator's counsel's total lodestar—or a negative multiplier of ▇ – after reasonable expenses are accounted for, as detailed below. This does not include additional time and resources that will be spent in order to complete the Settlement. It also does not include the time devoted to this matter by Mr. Chappell who was recently engaged as local counsel in this Action (and for whom time has not yet been collected) as a result of Ms. Ryan's unavailability for trial,[2] and it does not include the time for eleven Miller Shah timekeepers who devoted less than 10 hours of work to this engagement and, therefore, were excluded from this calculation, even though that lodestar amount to more than $25,000 in time.

8.  Relator's counsel's compensation for the services rendered has always been wholly contingent, yet they undertook to zealously litigate this matter at the highest quality level against a corporate defendant represented by well-qualified counsel. From the outset, Relator's counsel understood that they were embarking on a complex, expensive, and lengthy litigation with no guarantee of being compensated for the enormous investment of time and money the case would require. In fact, many False Claims Act cases are dismissed at the pleadings stage and many others are dismissed at summary judgment. As a result, there was a very high risk from the outset that Relator's counsel could lose all time and resources invested in the Action.[3]

---

[1] Relator's counsel's hours are supported by the billing records maintained by each firm.
[2] Mr. Chappell will nevertheless be compensated for his time from the agreed-upon fee by Relator's counsel.
[3] The nature of a contingent practice in the field of whistleblower litigation is extremely risky as the cases are predominantly large cases that last several years, during which firms representing relators on a contingent basis must pay regular overhead in addition to advancing litigation expenses. This does not even take into consideration the possibility of no recovery. Law firms

3

9. Notwithstanding, in undertaking the responsibility of this representation, Relator's counsel was obligated to (and did) ensure that sufficient attorney and paraprofessional staff were dedicated to this action, so that it was prosecuted at the highest level. While doing so, for over three years, Relator's counsel bore the expense of compensating the attorneys and professional staff dedicated to this matter. Relator's counsel also dedicated substantial funds toward the out-of-pocket expenses of the litigation, which were also advanced with no guarantee of reimbursement. Dedicating attorney and professional staff time and other resources to this litigation on a contingent basis also imposed a substantial opportunity cost on Relator's counsel as this time and resources could not be deployed on other matters, including non-contingent matters in which Miller Shah is regularly engaged.

10. In this litigation, Defendant has been represented by Crowell & Moring LLP, very experienced defense counsel. Defendant and its counsel spared no effort in advancing a thorough and aggressive defense. Defendant's counsel vigorously defended their clients, filed multiple dispositive motions, retained experts on issues of liability and damages, and were ready to proceed to trial if a settlement was not reached, not to mention likely appeal any adverse decision against Defendant.

11. In the face of this strident opposition, Relator's counsel meticulously litigated this case through complete discovery, expert preclusion motions, trial preparation. Relator's counsel reviewed over 100,000 pages of documents, and took numerous depositions including parties and experts, to ensure the development of the strongest case for Relator and the United States. Relator's counsel devoted the resources, staff and skill to successfully develop Relator's case to

---

handling complex contingent litigation may spend thousands of hours in losing efforts. The "risks of nonpayment" factor employed by courts in analyzing fee requests in this context is not an empty phrase.

the extent that Defendant was persuaded to settle the litigation on a basis that is very favorable to the United States under the circumstances. The requested fee is reasonable based on the high quality of Relator's counsel's work, considerable risk undertaken, and the substantial benefit obtained for the United States in the face of a rigorous and aggressive defense.

12.  As reflected in Appendix 2 to this Declaration, Relator and her counsel also seek reimbursement as part of the ▇▇▇▇▇▇ agreed-upon fee and expense payment for its total out-of-pocket expenses incurred to date of approximately $444,524.69, records of which are maintained in the files of each of the law firms that have incurred the expenses. These expenses include the retention of an expert witness, who submitted two reports and was deposed by Defendant's counsel, fees charged by private investigators that identified and interviewed witnesses, and who were preparing to testify at the scheduled November 2025 trial when the Parties reached the Settlement. In addition, these expenses include fees and costs associated with the initial investigation of Plaintiff's claims, deposition and court reporting services, filing and mailing services, and other expenses necessary to the successful prosecution of this complex False Claims Act action. In representing the United States as the real party in interest, Relator's counsel advanced these expenses to sustain the litigation despite a real possibility of non-payment and non-recovery of these expenses. I also note that, since Miller Shah does not charge its clients for travel, this amount does not include the more than $10,000 incurred in travel expenses associated with attending depositions and court hearings, as well as engaging in other necessary travel.

13.  In sum, when Relator's counsel undertook to file an action and represent the Relator and the United States, it was with the knowledge that its attorneys and professionals would spend thousands of hours of hard work against some of the best defense lawyers in the United States, with no assurance of obtaining any compensation for their effort. The benefits conferred to the United States, namely, the Settlement worth $5,750,000.00, only occurred because of the

persistence, high quality, and skill of Relator's counsel's efforts, despite the vigorous defense, practical obstacles, and risk. Considering the substantial recovery, and the enormous risk and effort undertaken to achieve this result, Relator's counsel believes that the requested reimbursement of expenses and attorneys' fees (which is less than ▮▮▮ of lodestar to date) is fair, reasonable and justified.

14. The agreed-upon Relator Share of 29.5% is likewise fair and reasonable for the reasons stated in the accompanying Memorandum of Law. Ms. Bloomfield was instrumental in bringing this matter to the attention of the United States, she worked with Relator's counsel tirelessly to assist in discovery and prepare this case for trial, was deposed for a full day, met with and was interviewed by both investigators and experts and participated in both days of mediation with Judge Lee. As an individual who literally did all that could be expected of any relator and who cooperated with both Relator's counsel and the United States at every step of the proceedings, I respectfully believe that the United States' agreement to pay 29.5% of the Settlement to Ms. Bloomfield is fair, appropriate and entirely warranted.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 7th day of November, 2025, at Philadelphia, Pennsylvania.

/s/ Bruce D. Parke
Bruce D. Parke

# APPENDIX "1"

| Timekeeper | Role | Billable Hours | Hourly Rate | Experience (in years) | Total Lodestar |
|---|---|---|---|---|---|
| Alec J. Berin | Partner | 521.30 | $800.00 | 6 | $417,040.00 |
| Jillian M. Boyce | Supervising Paralegal | 178.10 | $275.00 | 13 | $48,977.50 |
| Anna K. D'Agostino | Associate Attorney | 681.80 | $550.00 | 4 | $374,990.00 |
| Jonathan A. Dilger | Research Director | 97.40 | $550.00 | 10 | $53,570.00 |
| Katie Edwards | Paralegal | 14.40 | $250.00 | 5 | $3,600.00 |
| Henry Fina | Project Analyst | 88.70 | $325.00 | less than 1 year | $28,827.50 |
| Kyla Golding | Project Analyst | 108.50 | $325.00 | 1 | $35,262.50 |
| Madison A. Gregg | Associate Attorney | 638.50 | $425.00 | 2 | $271,362.50 |
| Nicole Jefferson | Project Analyst | 138.70 | $325.00 | 1 | $45,077.50 |
| Anika S. Keunig | Project Analyst | 265.40 | $325.00 | 3 | $86,255.00 |
| James E. Miller | Partner | 381.30 | $1,300.00 | 34 | $495,690.00 |
| Sue Moss | Senior Paralegal | 31.30 | $275.00 | 35 | $8,607.50 |
| Bruce D. Parke | Partner | 473.80 | $975.00 | 23 | $461,955.00 |
| Johanna Richter | Law Clerk | 10.50 | $325.00 | 3 | $3,412.50 |
| Rachel Rose | Partner | 315.25 | $900.00 | 15 | $283,725.00 |
| Stephen Rutkowski | Law Clerk | 23.60 | $325.00 | 6 | $7,670.00 |
| Patricia Ryan | Partner | 24.75 | $650.00 | 46 | $16,087.50 |
| James C. Shah | Partner | 27.20 | $1,150.00 | 28 | $31,280.00 |
| Matthew Suzor | Associate Attorney | 78.90 | $350.00 | less than 1 year | $27,615.00 |
| Mark Xiao | Associate Attorney | 20.40 | $525.00 | 5 | $10,710.00 |
| Nathan C. Zipperian | Partner | 220.90 | $1,075.00 | 27 | $237,467.50 |
| Faria Zubair | Project Assistant | 18.90 | $125.00 | less than 1 year | $2,362.50 |
| **Totals** | | **4359.60** | | | **$2,951,545.00** |

# APPENDIX "2"

Miller Shah LLP Expenses

| Category | Amount |
|---|---:|
| Computer Research/Access/Database | $24,167.30 |
| Experts/Investigators | $344,194.03 |
| Filing Fees | $450.00 |
| Internal Copying and Printing | $3,621.20 |
| Mediation Fees | $7,618.24 |
| Postage/Delivery | $49.71 |
| Process Service Charges | $3,264.88 |
| Telephone | $411.29 |
| Transcripts/Court Reporting | $56,955.25 |
| **Miller Shah Total Expenses** | **$440,731.90** |
| Co-Counsel Expenses | $3,792.79 |
| **Total Expenses** | **$444,524.69** |