IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

KAREN BLOOMFIELD,
    Plaintiff-Relator,

v.                                                            Civil No. 1:22cv789 (DJN)

ENGINEERED STRUCTURES, INC.,
    Defendant.

## ORDER
**(Granting Motion for Settlement Approval)**

This matter comes before the Court on Plaintiff-Relator Karen Bloomfield's ("Relator") Motion for Settlement Approval (ECF No. 141 ("Motion")). The Court held a hearing in this matter on November 17, 2025. As stated from the bench, and for the reasons set forth below, the Court GRANTS Plaintiff's Motion (ECF No. 141) and approves the settlement.

Under 31 U.S.C. § 3730(d)(2), which governs settlements in False Claims Act ("FCA") cases where the United States of America (the "Government") elects not to intervene, courts are required to make several findings concerning the fairness of the proposed settlement. The statute requires that the relator receive an amount that "the court decides is reasonable." 31 U.S.C. § 3730(d)(2). That amount must fall between 25 and 30 percent of the recovered amount. *Id.* The relator shall also receive an amount for reasonable expenses "which the court finds to have been necessarily incurred," plus reasonable attorneys' fees and costs. *Id.* All such expenses, fees and costs shall be awarded against the defendant. *Id.* Courts look to several factors when assessing the reasonableness of payment shares in such settlements, including (1) the significance of the evidence provided by the relator to the Government, (2) the relator's

contribution, and (3) whether the Government was previously aware of the conduct at issue. *U.S. ex rel. DRC, Inc. v. Custer Battles, LLC*, 2009 WL 3756343, at *2 (E.D. Va. Oct. 14, 2009), *aff'd sub nom. U.S. ex rel. DRC, Inc. v. Custer*, 446 F. App'x 561 (4th Cir. 2011).

Here, the parties' proposed settlement lays out the following terms. Defendant will pay the Government $5,750,000 to resolve all claims. (ECF No. 141-3 at 3.) Relator receives 29.5% of that recovery, i.e., $1,696,250. (*Id.*) Defendant further pays $2,750,000 to Relator's counsel for fees, costs and expenses pursuant to a side agreement. (ECF No. 141-4.) Relator's counsel represents that it incurred $444,524.69 in expenses, including for expert reports, depositions, private investigators, witness interviews, as well as attorneys' fees of $2,951,545. (ECF No. 141-5 at 4, 6.) Defendants' payments amount to a total of $8.5 million, which falls just below the PPP loan amount of about $8.6 million received by Defendant whose lawfulness Relator contested in this action. (ECF No. 39 ¶ 50.)

Having reviewed Relator's Motion and her supporting Memorandum of Law (ECF No. 141-2), the Court finds the 29.5% share of the settlement amount reasonable. While this percentage lies at the upper end of the statutory range, the Court notes the considerable contribution made by Relator and the extensive work performed by Relator and her counsel in this matter. This case was filed more than three years ago, has proceeded through multiple contentious rounds of briefing and was slated for trial in a matter of weeks. In addition, the Government appears not to have been aware of Defendant's misconduct prior to Relator's claim, and based on the facts presented, the Court finds it highly unlikely that the Government would have discovered this behavior and brought an action against Defendant without Relator's assistance. Despite electing not to intervene, the Government still stands to recover over 4

million dollars for American taxpayers. As such, and for these reasons, the Court finds the 29.5% payout to Relator reasonable.

As to attorney fees, expenses and costs, the Court also finds the agreed-upon amounts reasonable. As a threshold matter, the Court notes that the negotiations in this case occurred at arm's length and involved several rounds of settlement discussions with an outside mediator, the Honorable Gerald Bruce Lee. Collusion therefore does not present a concern here. In addition, the lawyers in this case engaged in several rounds of motions and were actively preparing for trial when the settlement was reached. Given the length of this case and the extensive factual predicate, as well as the various *Daubert* motions and the work that went into their preparation, the Court finds these costs reasonably incurred. The Court also finds the attorney fee amount reasonable, given the extensive work performed by many attorneys over a long period of time.

For all of these reasons, the Court GRANTS Plaintiff's Motion (ECF No. 141) and DIRECTS Defendant to pay all sums in accordance with the terms of the settlement agreement and side agreement. At the parties' request, the Court retains jurisdiction to enforce the terms of the settlement agreement and the side agreement under *Kokkonen v. Guardian Life Insurance Co.*, 511 U.S. 375 (1994), and to resolve any dispute related to the agreements' provisions.

The Court DIRECTS the Clerk to close this case.

This case is now CLOSED.

Let the Clerk file a copy of this Order electronically and notify all counsel of record.

It is so ORDERED.

/s/
David J. Novak
United States District Judge

Alexandria, Virginia
Dated: November 17, 2025